Mr. Chief Justice Shaeket
delivered the opinion of the court.
This case is referred from Wilkinson county on doubts. The action was brought to recover the purchase money for a tract of land, sold by William Yerby, administrator of Henry Hunter, which was purchased at public sale, made in pursuance of an order of the probate court by John Bell, on whose estate the defendants administered. The suit was brought by the plaintiff as administrator de bonis non of the goods and chattels of Henry Hunter.
The points made below on which the judge doubted, are reported in a very imperfect manner, and some of the instruments used in evidence are not found in the papers. The parol proof does not appear in a manner favorable for a determination. There is an instrument purporting to be a deed from the administrator de bonis non to the heirs of John Bell, found amongst the papers which it is said was tendered as a title to the land sold, and we do not deem it necessary to notice any thing else.
Under particular circumstances, an administrator may obtain an order from the orphans’ court, to sell lauds. The law prescribed a certain course, which must be strictly observed in making the sale. By the 101st section of the orphans’ court law, the administrator is authorised to make a deed to the purchaser, which shall vest a good title to the land sold.
Without the express authority derived from this statute, an administrator would have no right to sell or convey the lands of his *155 intestate. When the order has been obtained, and the land sold in pursuance of the directions prescribed, it is an act in the due course of administration, and the administrator is responsible on his bond. The powers of an administrator de bonis non are limited to the administration of the goods and chattels left unadministered by the first administrator.
There is no law giving Mm the power to make deeds to land sold by his predecessor. The law commands and authorises the administrator selling the land to make the deed, and has neither contemplated nor provided for a breach of that duty by clothing the successor with power to fulfil it at his own discretion.
But even if the plaintiff possessed the power to make a deed, the instrument tendered does not merit the dignity of the appellation.
It is signed by the plaintiff, as administrator de bonis non, but is without a seal. A deed is well understood to be an instrument signed and sealed.
The proceedings do not show a judgment in the court below, and as the plaintiff consented to a verdict for the purpose of having the questions decided, the cause must be remanded.